**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**IN RE**

**DONALD ANTHONY FITZPATRICK**                           **CASE NO. 24-50512**
**ASHLEY LOUISE FITZPATRICK**

**DEBTOR(S)**

**CHAPTER 11 OPERATING ORDER**
**FOR SUBCHAPTER V CASES**

The Debtor has requested and received relief pursuant to subchapter V of chapter 11 of the United States Bankruptcy Code. The Debtor has thereby become a debtor in possession. It is ORDERED that, during the pendency of the chapter 11 case, the Debtor comply with the following:

I. **GENERAL RESPONSIBILITIES**

The Bankruptcy Code makes the Debtor a trustee for the benefit of creditors. As trustee, the Debtor has the following duties:

1. append to the voluntary petition or, in an involuntary case, upon the election to proceed under subchapter V—

    (A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or

    (B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cashflow statement has been prepared and no Federal tax return has been filed;

2. as soon as possible after the commencement of the case, the Debtor shall serve notice of the commencement of this case to any entity known to be holding money or property subject to withdrawal or order of the Debtor in accordance with FED. R. BANKR. P. 2015(a)(4);

3. timely provide information to and attend meetings scheduled by the Court, Subchapter V Trustee, or the U.S. Trustee, unless the Court, after notice and a hearing, waives that requirement upon a finding of extraordinary and compelling circumstances;

4. timely file all schedules and statements of financial affairs, unless the Court, after notice and a hearing, grants an extension;

5. file all post-petition financial and other reports, and comply with all reporting obligations, required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rule or the U.S. Trustee;

6. timely file tax returns and other required government filings and timely pay all taxes entitled to administrative expense priority except those being contested by appropriate proceedings being diligently prosecuted;

7. for any year or period for which the Debtor has not filed a tax return required by law, furnish such information as may be required by the governmental unit with which such tax return was to be filed;

8. allow the U.S. Trustee, or a designated representative of the U.S. Trustee, to inspect the Debtor's business premises, books, and records at reasonable times, after reasonable prior written notice, unless notice is waived by the Debtor;

9. be accountable for and report all property received;

10. keep records of receipts and dispositions of money and file reports required by 11 U.S.C. § 704(a)(8);

11. examine proofs of claim and object to allowance of any claim that is improper;

12. furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

13. file a statement of any change of the Debtor's address; and

14. comply with all orders of the Court.

II. **MONEY OF THE ESTATE**

Upon the filing of the petition, the Debtor shall place all funds of the estate into accounts reflecting its fiduciary status. Each account shall be titled "Debtor's Name, Debtor in Possession". No monies of the estate shall be deposited or invested except in entities that have complied with 11 U.S.C. § 345. Withdrawals from these accounts shall be made only upon the signature of an authorized signatory, whose name, address, telephone number and title has been reported to the U.S. Trustee's Office. **Within 7 days of the date of this Order,** the Debtor shall advise the U.S. Trustee in writing of the depositories holding funds of the estate in the manner or on a form provided by the U.S. Trustee. **On or before the twentieth day after the close of each calendar quarter**, the Debtor shall advise the U.S. Trustee of each account holding funds of the estate in excess of $100,000 on a form provided by the U.S. Trustee.

III. **BOOKS AND RECORDS**

Upon the filing of a petition, the Debtor shall set up new books to reflect post-filing business. Thereafter, new books and records must be kept for the Debtor. Prepetition liabilities are to be strictly segregated from post-petition liabilities.

IV. **TAXES**

The Debtor shall segregate and hold separate and apart from all other funds those monies withheld from its employees or collected from others for taxes payable under any law of the United States of America or any state or subdivision thereof and deposit such funds in a separate bank account simultaneously with the collecting or withholding thereof and timely file all returns and pay the appropriate authorities the appropriate amounts as prescribed by law.

The Debtor shall comply with the IRS, any state or subdivision's laws, regulations and rules regarding the filing and payment of all taxes, including, but not limited to the withholding of taxes from the wages of employees, the payment of employer's FICA and FUTA tax liabilities, sales and use taxes and the making of deposits of such taxes and the filing of returns. The Debtor is ordered to provide verification of compliance with the IRS laws and regulations by filing the forms required and provided by the IRS.

V. **MONTHLY OPERATING REPORTS**

**On or before the twentieth of each month,** the Debtor shall file with the Court a Monthly Operating Report for the preceding month and serve a copy of the report on either (a) the parties listed on a court-approved service list; or if none, (b) the U.S. Trustee, each secured creditor, the Subchapter V Trustee, and any other party requesting service. The Monthly Operating Report shall be made on the form provided by the U.S. Trustee's Office at https://www.justice.gov/ust-regions-r08/region-8-chapter-11-2.

VI. **INSURANCE**

The Debtor shall maintain and keep in force all insurance normally carried by the Debtor, such as fire and extended coverage, theft, health and accident, public liability, and product liability.

VII. **PAYMENT OF PREPETITION DEBTS**

The Debtor, its employees, officers, partners, agents or any other persons acting in concert with the Debtor are enjoined from making ANY payment on any prepetition unsecured debt or any prepetition priority debt.

VIII. **USE OF CASH COLLATERAL**

The Bankruptcy Code defines cash collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents… in which the

estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents or profits of property and the fees, charges, accounts. . ." The Debtor, its employees, officers, partners, agents and any persons acting in concert with the Debtor are enjoined from using cash collateral without first obtaining the consent of the secured creditor or other persons with an interest in the cash collateral or a court order authorizing such use. *See* 11 U.S.C. § 363(c)(2), FED. R. BANKR. P. 4001(b); and KYEB LBR 4001-2.

IX.  **USE OF ASSETS NOT IN THE ORDINARY COURSE OF BUSINESS**

Pursuant to 11 U.S.C. § 363(b) and FED. R. BANKR. P. 6004, the Debtor, its employees, officers, partners, agents and any persons acting in concert with the Debtor are enjoined from using, selling or leasing any property of the estate other than in the ordinary course of business, except after notice and hearing.

If the Debtor is an individual, the Debtor may pay his/her personal living expenses set forth on Schedule J, in the ordinary course without further court order; provided, however, the Debtor may not make payments on any prepetition debt listed in Schedule J; and provided further, nothing herein shall preclude the filing of an objection to any such payment.

X.  **TRANSFERS TO OR COMPENSATION OF THE DEBTOR OR INSIDERS**

During the pendency of the chapter 11 case, neither the Debtor nor any insider shall receive any increase in compensation, whether in salary or benefits or in any other form, without prior Court approval after notice and hearing. This prohibition includes transfers of property to the individual Debtor or to any insider. The Debtor shall not pay the personal expenses of an insider, except for payroll tax withholdings and related transmittals, without Court approval. Absent Court approval, the Debtor shall make no payments on any debt, whether secured or unsecured, owed to an insider or to a creditor whose claim is co-signed or guaranteed by an insider.

XI.  **FILING OF PLAN**

**Not later than 90 days following entry of the order for relief,** the Debtor shall file and serve a plan. 11 U.S.C. § 1189(b). Such plan shall conform to the requirements of 11 U.S.C. §§ 1190 and 1191, along with the applicable provisions of 11 U.S.C. §§ 1123 and 1129.

XII.  **NOTICE OF SUBSTANTIAL CONSUMMATION UNDER 11 U.S.C. § 1183(c)(2)**

**Within 14 days following substantial consummation of any confirmed plan,** the Debtor shall file, and shall serve on the Subchapter V Trustee, the U.S. Trustee, and all parties in interest a notice of substantial consummation.

XIII. **<u>FAILURE TO COMPLY WITH THE OPERATING ORDER</u>**

Failure to comply with this order may result in the imposition of sanctions against the Debtor or their counsel.

5

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, April 30, 2024**
**(alf)**