UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

DONALD ANTHONY FITZPATRICK               CASE NO. 24-50512-grs
ASHLEY LOUISE FITZPATRICK                CHAPTER 11, Sub V

    DEBTORS

---

## APPLICATION OF DEBTORS FOR ORDER AUTHORIZING EMPLOYMENT OF HAMILTON LAW OFFICES, PLLC

Donald Anthony Fitzpatrick and Ashley Louise Fitzpatrick (the "Debtors") respectfully request entry of a final Order pursuant to 11 U.S.C. § 327(a) and § 328(a) authorizing them to employ Hamilton Law Offices, PLLC (the "Firm") as their attorney, effective as of April 29, 2024 (the "Retention Date").  In support of this Application, the Debtors submit the Declaration of John T. Hamilton, attorney with the Firm (the "Affidavit") attached hereto as **Exhibit A**.  In further support of this Application, the Debtors state as follows:

### JURISDICTION AND VENUE

1.    On April 29, 2024, (the "Petition Date"), the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2.    This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The Debtors are a married couple who reside in Madison County, Kentucky. Accordingly, venue for the Debtors' Chapter 11 case is proper in this District under 28 U.S. C. §§ 1408 and 1409.

4. On May 5, 2024, Charity S. Bird was appointed as the Subchapter V trustee. (Doc. 12 ).

## BACKGROUND

5. The Debtors are married and reside in Madison County, Kentucky. The Debtors are owners and operate a plumbing company known as Fast Flow Plumbing, LLC, in Berea, Kentucky.

6. Fast Flow Plumbing, LLC, filed a Petition under Chapter 11 of the U.S. Bankruptcy Code – Subchapter V on March 26, 2024, in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division, Case No. 24-20346.

7. The Debtors own a substantial amount of motor vehicles and trucks and equipment in their personal name, which are leased to Fast Flow Plumbing for use in the plumbing business operations. The Debtors have outstanding debt on a number of these items of personal property and have also signed personal guarantees on a substantial portion of the outstanding debt of Fast Flow Plumbing.

8. Debtor Donald Anthony Fitzpatrick derives most of his income from his work as a CEO and Chief of Operations of Fast Flow Plumbing, for which he is paid a salary. Debtor Ashley Louise Fitzpatrick works in the Fast Flow Plumbing business and also works in a separate healthcare provider business.

9.  The Debtors are subject to two pending lawsuits, and one of those lawsuits, filed by Wiseway, LLC, in Boone Circuit Court, has resulted in a judgment against the Debtors in an amount in excess of $60,000.00. Pursuant to that judgment, Wiseway has seized two of the Debtors vehicles, which are used in the Debtors' plumbing business with Fast Flow Plumbing. Those vehicles are still held by Wiseway and will be the subject of a Turnover Motion and Stay Violation Motion, to be filed in this action.

10. The Debtors filed for relief in this case on April 29, 2024, in order to avoid a forced sale of the motor vehicles seized by Wiseway and in order to restructure their debt with numerous creditors under the provisions of Chapter 11.

**RELIEF REQUESTED**

11. Debtors seek to employ the Firm as their attorney in connection with the commencement and prosecution of this Chapter 11 case. Pursuant to 11 U.S.C. §§ 327 and 328(a), the Debtors request that this Court approve the employment of the Firm as counsel for the Debtors, under a general retainer, to perform the legal services that will be necessary during this Chapter 11 case.

12. The Debtors selected the Firm as their attorney because of the Firm's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Debtors believe that the Firm is both well-qualified and able to represent them in this Chapter 11 case in an efficient and timely manner.

13. The services of the Firm under a general retainer are necessary to enable the Debtors to execute faithfully their duties as Debtors. Subject to further order of this Court, the Firm will render the following professional services:

(a) To take all necessary action to protect and preserve the Estate of the Debtors, including the prosecution of actions of the Debtors' behalf, the defenses of any actions commenced against the Debtors, negotiations concerning all litigation in which the Debtors are involved, and objections to claims filed against the Estate;

(b) To prepare on behalf of the Debtors necessary motions, applications, schedules, statements, answers, orders, reports and papers in connection with the administration of the Estate herein;

(c) To negotiate and prepare on behalf of the Debtors a plan of reorganization and all related documents; and

(d) To perform all other necessary legal services in connection with this Chapter 11 case.

14. The Firm has stated its desire and willingness to act in this case and to render the necessary professional services in accordance with the terms set forth herein, subject to approval of its employment by the Court and approval of acceptable arrangements for payment of its allowed fees and expenses in accordance with any budgets which may be approved by this Court.

15. To the best of the Debtors' knowledge, the attorney of the Firm does not have any connection with the Debtors, their creditors, any parties in interest, or their respective attorneys, except as specifically set forth in the Affidavit.

16. It is necessary that the Debtors employ an attorney under a general retainer to render the above-referenced professional services. The Firm has received a retainer of $12,000.00, which is now held in escrow to be applied to services and expenses, subject to Court approval. The Firm will seek approval of such fees.

17. The Firm also seeks a Court order to approve monthly retainer payments of up to $5,000.00 to be paid into its escrow account and held in trust as the case progresses. Pursuant to its engagement agreement, (i) the Firm will assert a valid and perfected security interest/attorneys' lien in any such retainer as security for its post-petition fees and expenses; (ii) the Firm has conditioned the final approval of its engagement upon such future payment arrangements as may be acceptable to it and/or as approved by this Court; and (iii) the Firm has reserved its right to withdraw from representation of the Debtors unless adequate assurance is made for compensation of its services as allowed by the Court and said payments are being timely received, with disbursements subject to final approval and allowance of fees and expenses by this Court.

18. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.

19. Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court, propose to pay the Firm its customary hourly rates as set forth in the Affidavit, which rates may be increased in the ordinary course of business during the pendency of this case, and submits that such rates are

reasonable and customary. Mr. Hamilton's hourly rate is $300 and paraprofessional rates are $90.

20. Notice of this Application has been given to the Debtors, the United States Trustee, the Debtors' address matrix and all other parties who are entitled to receive notice in this case pursuant to the Bankruptcy Rules.

21. No previous request for the relief requested herein has been made to this Court.

WHEREFORE, the Debtors request:

1. Entry of a final Order approving the Debtors' retention of the Firm effective as of April 29, 2024, pursuant to 11 U.S.C. §§ 327(a) and 328(a);

2. Entry of an Order allowing the Firm to accept post-petition payments from the Debtors to be held in escrow and to hold any retainer balance and additional payments in its escrow account subject to the Firm's valid and perfected security interest/attorneys' lien, pending further orders of the Court; and

3. Granting the Debtors such other relief as is just and proper.

...
## NOTICE

Please take notice that a final Order granting the relief requested by this Application may be entered without further notice or hearing unless an objection to the Application, properly noticed for hearing, is filed within twenty-one (21) days of the date of service of this pleading.

By:    /s/ Donald Anthony Fitzpatrick
       Donald Anthony Fitzpatrick

By:    /s/ Ashley Louise Fitzpatrick
       Ashley Louise Fitzpatrick

Respectfully submitted,

HAMILTON LAW OFFICES, PLLC

/s/ John T. Hamilton
John T. Hamilton, KBA # 28127
Hamilton Law Offices, PLLC
P.O. Box 240
Lexington, KY 40588
Phone: (859) 523-7010
jhamilton@hamiltonlawky.com
*Attorney for Debtors*

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, or electronic mail on May 13, 2024, on all non-ECF creditors.

/s/ John T. Hamilton
John T. Hamilton

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

DONALD ANTHONY FITZPATRICK             CASE NO. 24-50512-grs
ASHLEY LOUISE FITZPATRICK               CHAPTER 11, Sub V

    DEBTORS

---

### DECLARATION OF PROPOSED ATTORNEY AND DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. §§ 329 AND 504 AND FED. R. BANKR. P. 2014(a) AND 2016(b)

Pursuant to 28 U.S.C. § 1746, I, John T. Hamilton (the "Declarant"), state as follows:

1. I am an attorney with the law firm Hamilton Law Offices, PLLC (the "Firm").

2. I am duly admitted to practice before all courts of the Commonwealth of Kentucky, the United States District Courts for the Eastern and Western Districts of Kentucky, and the Court of Appeals for the Sixth Circuit. I am admitted to practice before this Court.

3. Neither I, the Firm, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with Donald Anthony Fitzpatrick or Ashley Louise Fitzpatrick (the "Debtors"), their creditors, or any other party in interest herein or their respective attorneys and accountants, except as set forth in this Affidavit.

4. I have extensive experience in bankruptcy, insolvency, corporate reorganization, and debtor/creditor law. I am well-qualified to represent the Debtors herein, and I am willing to accept employment on the basis set forth in the Application to which this Declaration is attached.



Exhibit A

5. To the best of my knowledge, except as stated herein, neither I nor my Firm have in the past or currently represent any creditors herein in any matter related to the Debtors or their affairs. Neither I nor my Firm have any relationship with any entities, attorneys, or accountants that would be adverse to the Debtors or their Estate, except as set forth in this Affidavit.

6. The Firm has conditioned its employment upon receipt of an initial payment of $12,000.00, which will be held in escrow for the express purpose of paying allowed professionals fees in this case. The Firm has received a payment of $12,000.00 prior to this Application, $1,762.00 of which was used to pay the filing fee. The Firm requests confirmation that it holds a lien against the sums held in escrow to secure payment for future services and expenses. The Firm will seek compensation for post-retention fees and expenses by the filing of Interim and Final Fee Applications pursuant to 11 U.S.C. §§ 327 and 330.

7. My hourly rate for this matter is $300.00 per hour. The Firm charges $90.00 per hour for paralegals. Rates are adjusted periodically and are dependent on complexity, size, and other factors on a case-by-case basis. The Firm charges normal and reasonable charges for expenses such as copying, facsimiles, mileage, postage, etc., for which it intends to seek reimbursement.

8. No promises have been received by the Firm or any member or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm.

9. Upon information and belief, pursuant to Fed. R. Bankr. P. 2014, the Firm has no connections with the United States Trustee or any person employed in the Office of the United States Trustee.

10. Pursuant to Fed. R. Bankr. P. 5002(b), upon information and belief, the Firm is not, nor has it been, so connected with a Bankruptcy Judge or the United States Trustee as to render the appointment of the Firm improper.

11. The foregoing constitutes the statement of the Firm pursuant to 11 U.S.C. § 329 and 504, and Fed. R. Bankr. P. 2016(b).

12. Based upon the information available to me, I believe that the Firm is a "disinterested person" as defined in 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and further that the Firm holds no interest adverse to the Debtor or his Estate as to the matters with respect to which it is to be employed.

I declare under penalty of perjury that the foregoing is true and correct.

_____
John T. Hamilton, Declarant